**UNITED STATES of America, Plaintiff,**

**v.**

**Barbara L. ANDERSON, Deane R. Anderson, State of Maine, Bail Commissioner, Defendants.**

**Civ. No. 89–0300–P.**

United States District Court, D. Maine.

Nov. 30, 1990.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for U.S.

## MEMORANDUM OF DECISION ON ORDER TO SHOW CAUSE OF NOVEMBER 6, 1990

GENE CARTER, Chief Judge.

This matter is before the Court for action on Plaintiff's Response to the Order to Show Cause filed on November 16, 1990 (Docket No. 6). A recapitulation of the history of this action is required in order to set the Court's action of this date in proper context. The action was commenced by Plaintiff's filing on December 12, 1989 of a Complaint for Foreclosure, which commenced a simple action to foreclose a Farmers Home Administration mortgage. No further action was taken by Plaintiff and on May 9, 1990, the Court entered its Order to Show Cause (Docket No. 23) why the action should not be dismissed for lack of prosecution.

On May 21, 1990, Plaintiff filed a request to the Clerk to enter default, which was acted upon by the Court on May 22, 1990, and default was entered by the Clerk on May 23, 1990. Plaintiff also filed on May 21, 1990, a Response to the original Order to Show Cause. That response noted as follows:

> This case is ready for entry of default judgment as to the Andersons. However, until the title update is received, it is unknown whether or not there are lienholders who should be parties to this action. A Request to Clerk for Entry of Default and Supporting Affidavit is being filed with this response.

Response to Order to Show Cause of May 21, 1990, at 2. The response indicates that Plaintiff "will be filing the appropriate motions *as soon as the title update is received.*" *Id.* (emphasis added).

Nothing happened in the case thereafter until the Court, on November 6, 1990, entered its second Order to Show Cause. That order stated that "[a] review of the file reflects that default was entered on May 23, 1990, for failure to plead or otherwise respond. As of this date no further motions have been filed by the Government." Order to Show Cause of November 6, 1990. On November 16, 1990, Plaintiff filed a Response to the second Order to Show Cause, which states:

> Plaintiff is filing herewith a Motion and Incorporated Memorandum of Law for Leave to File Amended Complaint and an original Summons. A title search of the subject property has revealed a State of Maine Bail Lien against the property. The State of Maine, Bail Commissioner, through York County District Attorney Mary Tousignant, must be named as a party to this foreclosure action. Plaintiff has contacted District Attorney [*sic*] Tousignant who has agreed to accept service of the Summons and Complaint and file an Answer as soon as possible.rk [*sic*] County Registry of Deeds.

Response of November 16, 1990 to Order to Show Cause. Filed with the response was a Motion and Incorporated Memorandum of Law for Leave to File Amended Complaint (Docket No. 7). Therein is recited that Plaintiff's office requested an update of the title opinion from the preparer, Mr. Hanscom, on May 21, 1990. That action was apparently precipitated by the Court's original Order to Show Cause since it took

place on the same date as Plaintiff filed its Response to the first Order to Show Cause. The motion to file an amended complaint then recites:

> Mr. Hanscom's update of title was received on May 17, 1990 and revealed the recording of a State of Maine Bail Lien with regard to *State v. Deane Anderson*, York County Superior Court, Criminal No. CR–88–982, on December 12, 1989.

The Court can make the following deductions from this record. First, that Plaintiff commenced a simple foreclosure action on December 12, 1989, and did nothing further on the docket of this Court until precipitated to do so by the Court's Order to Show Cause of May 9, 1990, when it filed a Request to Enter Default and a Response to the Order to Show Cause on May 21, 1990, asserting the need for continued time to get a title update from Mr. Hanscom.

Thereafter nothing happened until November 6, 1990, when the Court again filed an Order to Show Cause why the matter should not be dismissed for lack of prosecution. In fact, at that time Plaintiff's counsel had been in possession of the update of title from Mr. Hanscom *since May 17, 1990*. Plaintiff's counsel had taken no action whatever to move this matter forward on the Court's docket during a period of almost five complete months. There is no reason demonstrated in the record why, as of May 18, 1990, the Motion to File an Amended Complaint herein, the result of the discovery of the bail lien on the subject premises, could not have been filed and this matter long ago closed upon the docket of this Court.

The Court has repeatedly expressed to Plaintiff's counsel's office its mounting distress at the failure of counsel's office to properly pursue in a timely manner civil cases which that office files in this Court. The Court, over the past seven years has repeatedly had to generate orders to show cause in case after case which Plaintiff's counsel's office has filed in this Court and simply permitted to languish until lashed into action by the Court itself. The Court and the Clerk have repeatedly expressed to representatives of Plaintiff's counsel's office vigorous objection to the need for the Court to "police up" the United States Attorney's civil docket in this Court. On two occasions, the Court has specifically mentioned the matter to the First Assistant United States Attorney as one of abiding, great concern to the Court, specifically requesting that his office institute internally some suspense system with respect to civil actions so that this Court will not be required to perform the work of that office in supervising the ongoing development of that office's own civil cases.

The Court has had occasion since then to mention the subject in very direct and forceful terms to the United States Attorney himself. Those pleas, as demonstrated by this and other cases since then, have consistently fallen on deaf ears. This case is a typical example of how this Court must repeatedly overcome the negligent inattention of Plaintiff's counsel's office to civil matters filed in this Court and act to secure the action of Plaintiff's counsel with respect to these routine civil matters.

The Court concludes that the response of Plaintiff's counsel to the Order to Show Cause of November 6, 1990 is inadequate to, and does, fail to show any good cause or any basis in "excusable neglect" for the failure of Plaintiff's counsel's office to expeditiously prosecute its own simple foreclosure claim in a timely and professionally responsible manner. There being shown no good cause why the matter should not be dismissed for lack of prosecution, said action is hereby DISMISSED *with prejudice* and Plaintiff's Motion to File Amended Complaint is hereby DENIED.

So ORDERED.